IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| THOMAS CRAIG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMPATTIA ROCCIA MANAGEMENT ) <br> GROUP, LLC, ) <br> ) <br> Defendant. ) | Case No. 3:23-cv-534 |

## PLAINTIFF'S COMPLAINT

Plaintiff, THOMAS CRAIG ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in City of Belmont, Gaston County, State of North Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA and NCCAA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCCAA.

10. Defendant is a debt collector as that term is defined by FDCPA and NCCAA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in City of Tonawanda, Erie County, State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of North Carolina.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties,

Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating with FlexShopper.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. Within the past year of Plaintiff filing this Complaint, Defendant placed calls to Plaintiff on Plaintiff's telephone number at 704-214-7434, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 888-675-3657, which is one of Defendant's telephone numbers.

24. Within the past year of Plaintiff filing this Complaint, Plaintiff spoke with one of Defendant's collectors and requested for Defendant to send him verification of the alleged debt.

25. To date, Defendant has not sent verification of the alleged debt to Plaintiff.

26. Within the past year of Plaintiff filing this Complaint, Plaintiff spoke with one of Defendant's collectors and requested for Defendant to stop calling him.

27. Despite Plaintiff's request for Defendant to stop calling him, Defendant continued to call

3

Plaintiff's telephone unabated.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after requested for Defendant to stop calling him;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after requested for Defendant to stop calling him;

    c. Defendant violated § 1692e of the FDCPA when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    d. Defendant violated § 1692g(a) of the FDCPA by failing to send a written notice to Plaintiff pursuant to § 1692g(a) of the FDCPA; and

    e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, THOMAS CRAIG, respectfully requests judgment be entered against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

33. Plaintiff repeats and re-alleges paragraphs one (1) through twenty-seven (27) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the North Carolina Collection Agency Act based on the following:

    a. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation, when Defendant continued to call Plaintiff after requested for Defendant to stop calling him, and when Defendant failed to provide written verification of the alleged debt.

35. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, THOMAS CRAIG, respectfully requests judgment be entered against Defendant, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, for the following:

36. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

37. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

5

38. Costs and reasonable attorneys' fees; and

39. Any other relief that this Honorable Court deems appropriate.

                                      Respectfully submitted,

August 24, 2023              By: /s/ Shireen Hormozdi
                                        Shireen Hormozdi
                                        Hormozdi Law Firm, PLLC
                                        North Carolina Bar No. 47432
                                        1770 Indian Trail Road, Suite 175
                                        Norcross, GA 30093
                                        Tel: 678–395-7795
                                        Cell: 678-960-9030
                                        Fax: 866-929-2434
                                        shireen@norcrosslawfirm.com